

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN THE MATTER OF APPEALS FROM ORDERS OF THE BANKRUPTCY COURT IN THE CASE OF TRI-STATE ETHANOL COMPANY, LLC,<br><br>Debtor. | CIV 06-1043 and 06-1040<br><br>ORDER AND OPINION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jerrold L. Strasheim, an attorney from Omaha, NE, was admitted *pro hac vice* in these two cases on the motion of an attorney admitted to practice before this court, namely attorney Terry Prendergast. These attorneys, representing Tri-State Financial, LLC ("TSF"), took various appeals from orders and decisions of the bankruptcy court. These attorneys filed over length briefs in both cases in violation of the local rules of this district and did so without prior approval of the court. Appellees in both these cases filed a motion to strike the briefs and I granted the motion. I also ordered that the briefs of TSF be filed under seal, finding that they contained impertinent and scandalous allegations. I entered an Order and Opinion (Doc. 18 in CIV 06-1043 and Doc. 37 in CIV 06-1040), finding that attorneys Strasheim and Prendergast had violated their obligations as officers of the court. I found that both attorneys had violated the Rules of Professional Conduct. I refused to allow TSF to file any over length brief.

The trustee in the bankruptcy cases, acting through his attorney, Roger W. Damgaard, then filed motions (Doc. 25 in 06-1043 and Doc. 38 in 06-1040) with the required supporting memorandums of law (Doc. 26 in 06-1043 and Doc. 39 in 06-1040) to revoke the *pro hac vice* admissions of attorney Strasheim. The trustee also filed a motion (Doc. 28 in 06-1043 and Doc. 41 in 06-1040) seeking an award of attorney fees and costs personally against Strasheim as caused by the alleged misconduct of the two attorneys. The motion was supported by an affidavit of attorney Damgaard (Doc. 30 in 06-1043 and Doc. 43 in 06-1040) and a

memorandum of law (Doc. 29 in 06-1043 and Doc. 42 in 06-1040).

TSF and Strasheim filed a reply brief (Doc. 40 in 06-1043 and Doc. 50 in 06-1040) to the motion for revocation and requested a hearing. They also filed what they called a "response" (Doc. 39 in 06-1043 and Doc. 49 in 06-1040) to the motion for revocation and again requested a hearing. The trustee filed a reply brief (Doc. 44 in 06-1043 and Doc. 54 in 06-1040).

TSF and Strasheim also filed what they called a "response" (Doc. 46 in 06-1040 and Doc. 36 in 06-1043) to the motion for fees and costs and requested a hearing. They filed a supporting brief (Doc. 47 in 06-1040 and Doc. 37 in 06-1043), again requesting a hearing.

The filing of a "response" and an answering brief would seem to constitute double filings not permitted or contemplated by the local rules.

I also entered an "Order and Opinion" (Doc. 34 in 06-1043 and Doc. 45 in 06-1043) setting forth, *inter alia*, that attorneys Strasheim and Prendergast had blatantly misstated the record and that TSF had engaged in misconduct, causing needless expenditures of time by the court and by opposing counsel.

At least as to the motion to revoke the admission to practice of attorney Strasheim, I believe this constitutes an effort to, in effect, disbar Mr. Strasheim in this court as to the pending cases. Looking at D.S.D.LR 83.2(G)(2), it is clear that Mr. Strasheim is entitled to notice of the allegations and an opportunity to be heard. Section 3 of the rule requires a hearing before the chief judge and at least one other judge. I believe I should refer these pending motions to Chief Judge Schreier for appropriate action. I note also that Section 4 of the rule requires the United States Attorney to investigate the charges against the lawyer. It may well be within my inherent authority to act on the motions but I prefer to exercise caution to be sure that Mr. Strasheim is accorded all rights of due process and the right to be heard. As to his alleged conduct, I would hardly be an impartial observer, having already found more than once that he has engaged in substantial misconduct. Whether or not there was misconduct and, if so, what the appropriate discipline is will, of course, be decided by Chief Judge Schreier and her designee. This is not to say that I cannot and will not continue to act on all other

pending appeals (and there are many) from bankruptcy court involving TSF. I will judge the appeals fairly and without prejudice toward TSF or its attorneys.

I note also that there is a pending motion (Doc. 5) in another appeal involving TSF, 07-1003, to admit Mr. Strasheim *pro hac vice*. The motion was made by attorney Prendergast who has since withdrawn from further representation of TSF in these various appeals. An attorney from Rapid City is now representing TSF in all these various appeals. I do not intend to grant or deny such motion until Chief Judge Schreier and another judge have had the opportunity to act and render a decision or decisions.

Now, therefore,

IT IS ORDERED, as follows:

1) The motions seeking removal of attorney Strasheim in these cases are referred to Chief Judge Schreier for appropriate action under the Local Rules of the District of South Dakota.

2) The motions seeking recovery of counsel fees and costs are also referred to Chief Judge Schreier as "tag alongs."

Dated this 20th of April, 2007.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Roepke*
Deputy
(SEAL)

3